# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| ROSE MARY SANCHEZ, as Independent Administrator of the Estate of Daniel Sanchez, Deceased, *Plaintiff*, v. UNITED STATES OF AMERICA, *Defendant*. | NO. 3:21-CV-50268 HON. IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

This is a medical malpractice action under the Federal Tort Claims Act.[1] The United States has moved for summary judgment. The motion is granted.

## BACKGROUND

The crux of this suit is nurse practitioner Jennifer Taylor's failure to conduct certain tests during two appointments at Crusader Community Health Clinic, at which she saw Daniel Sanchez. Sanchez' estate contends that these failures led to his untimely death from kidney cancer, attended by pain and suffering that would have been avoided had the cancer been discovered earlier, as well as injuries to his survivors. *See* Dkt. 44 at 2-3; Dkt. 99 at 1-4.

---

[1] The United States concedes that it is the proper defendant because Daniel Sanchez was treated at Crusader Community Health Clinic, an entity that receives federal funding. Its employees are consequently deemed, under 42 U.S.C. § 233(g), to be federal employees against whom the exclusive remedy in tort is under the FTCA. *See* Dkt. 105 ¶ 4.

1

The first appointment, in October of 2016, was occasioned by Sanchez' complaints of painful and frequent urination, a weak urine stream, and pain in his lower back, which he thought emanated from his kidney. Dkt. 105 ¶ 25. Taylor conducted several tests and provisionally diagnosed him with sciatica and benign enlargement of the prostate. Dkt. 100 ¶¶ 23, 27. She prescribed tamsulosin to treat the latter condition and told him to follow up in four weeks. *Id.* ¶¶ 24, 27.

In the event, he did not return until June of 2017. *Id.* ¶ 31. At this second appointment, he said that his urinary symptoms had improved, and his laboratory tests—including a test of his kidney function—showed nothing of concern. *Id.* ¶¶ 37, 43. Taylor renewed his prescription and told him to return in six months. *Id.* ¶¶ 45, 47.

He did return just over six months later, complaining of a cough and night sweats, but was not seen by Taylor. *See id.* ¶ 48. That visit ultimately led to the discovery of kidney cancer. *See id.* By November of 2018, he was dead. *Id.* ¶ 49.

## ANALYSIS

Under Illinois law,[2] a medical malpractice claim requires that a plaintiff establish that (1) the defendant breached the standard of care, and that (2) he suffered an injury proximately caused by that breach. *Shicheng Guo v. Kamal*, 155 N.E.3d 517, 523 (Ill. App. Ct. 2020). The causal connection between the breach and injury may not be

---

[2] The parties seem to agree that Illinois law is the "law of the place" of the tort for purposes of the FTCA, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), an assumption under which the Court will proceed. *See Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies. We are busy enough without creating issues that are unlikely to affect the outcome of the case (if they were likely to affect the outcome the parties would be likely to contest them). We shall continue in this course.").

"contingent, speculative, or merely possible," but must be established by expert testimony "to a reasonable degree of medical certainty." *Id.*

The estate's theory of liability in this case necessarily depends on the establishment of the following causal chain:

(1) Taylor's failure to conduct certain diagnostic tests at the two appointments fell below the standard of care, in light of Sanchez' presentation.
(2) Had these diagnostic tests been conducted, Sanchez would have been referred to a urologist.
(3) Had Sanchez been referred to a urologist, the cancer would have been discovered much earlier than it was, and would have been curable, and cured, thus averting the incidence of his and his survivors' injuries.

The United States concedes that there is evidence to support (1) and (3). *See* Dkt. 105 ¶¶ 9, 19, 22, 26. It disputes (2), however, arguing that the estate's experts have not provided evidence that, even if Taylor had conducted the called-for diagnostic tests, the results of those tests would have prompted a referral to a urologist. Without such evidence, it says, it is only speculative that Taylor's breaches of the duty of care caused any injury. Dkt. 95 at 1.

In response, the estate effectively concedes that it has no such evidence, *see* Dkt. 99 at 6-7, protesting that its experts "cannot offer causation testimony based upon the results of diagnostic tasks which were not performed." *Id.* at 7. Yet that is precisely the evidence that is needed to establish a link between Taylor's breach and any injury to Sanchez or his survivors. To show actual causation, it is necessary to engage in a counterfactual inquiry into what would have happened had the defendant not acted tortiously. Thus, this element of liability is often glossed as "but-for causation": asking *but for* (*i.e.*, in the absence of) the defendant's breach of her duty of care, would the plaintiff's injury still have materialized? *See* Restatement (Third) of Torts:

3

Liability for Physical and Emotional Harms § 26 cmts. b, e (Am. L. Inst. 2005). This may sometimes pose formidable problems of proof, *see id.* cmt. e, but it is nevertheless the question that must be addressed.

The best the estate can muster is that, had Taylor conducted the tests, "*in the event of uncertainty*, a referral to urology" would have been necessary. Dkt. 105 ¶ 25 (emphasis added). But without any opinion as to whether the results of the tests *would have been uncertain*, based on a counterfactual assessment of what they would have disclosed when he should have been so examined by Taylor—and thus whether they would have prompted a referral to urology—it remains purely speculative that Sanchez' injury was caused by Taylor's failure to conduct the tests.

\* \* \*

Having shown a lack of evidence on a necessary element of the estate's claim, the United States' motion for summary judgment is granted.

Date: August 21, 2024

HON. IAIN D. JOHNSTON  
*United States District Judge*